■ JEANNETTE E. RATTRAY, Respondent, v. SALLY J. HUNTTING, Appellant, et al., Defendant.— Motion by respondent for the following alternative relief with respect to the decision and order of this court, made July 5, 1960, reversing an interlocutory judgment and granting a new trial: (a) to vacate said decision and order on the ground that this court lost jurisdiction by reason of the death on June 24, 1960 of the defendant-appellant Sally Jennings Huntting; or (b) to grant reargument; or (c) to grant leave to appeal to the Court of Appeals. Motion referred to the court which rendered the decision. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur. Motion to vacate the order and decision of this court made July 5, 1960; for reargument; and for leave to appeal to the Court of Appeals. This appeal was submitted to the court on May 26, 1960. It appears that the defendant-appellant died on June 24, 1960, 29 days *after* such submission and 11 days before the decision was handed down. Motion denied *in toto*. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.

■ FLORENCE N. EDWARDS, Respondent, v. SALLY J. HUNTTING, Appellant, et al., Defendant. JEANNETTE E. RATTRAY, Respondent, v. SALLY J. HUNTTING, Appellant, et al., Defendant.— Motion by the executor of the defendant-appellant, Sally Jennings Huntting, who died on June 24, 1960 (11 days before this court, on July 5, 1960, made its decisions and orders reversing the interlocutory judgments and granting a new trial), for the following relief: (a) that said executor be substituted as the defendant-appellant on these appeals in place of said decedent; and (b) that said decisions and orders of this court be entered *nunc pro tunc* as of a date subsequent to May 26, 1960 (when the appeals were submitted to this court) but prior to June 24, 1960 (the date of decedent's death). Motion referred to the court which rendered the decisions. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur. Motion by the executor of the defendant-appellant, Sally Jennings Huntting, who died on June 24, 1960, that he be substituted as defendant-appellant on both appeals in place of said decedent and that the decisions and orders of this court made July 5, 1960, be entered *nunc pro tunc*, denied, without prejudice to an application for appropriate relief at the Special Term. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.

■ ALBERT EIDELBERG, Appellant, v. GEORGE NEWMAN et al., Respondents.— Motion by appellant to dispense with the printing of the appeal records, briefs and opinions, in two prior terminated actions, which are on file in this court and in the Appellate Division, First Department, granted. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ HAROLD V. ENGLE, Respondent, v. YANKEE REALTY CORPORATION, Appellant.— Motion by appellant to extend time to serve its answer to the complaint granted; time extended until 20 days after the entry of the order determining the appeal herein. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ FRIEDA FEINMAN et al., Appellants, v. INCORPORATED VILLAGE OF OCEAN BEACH, Respondent.— Motion by appellants for leave to appeal as poor persons granted, to the extent of dispensing with the printing. The appeal will be heard on a typewritten record and on appellants' typewritten brief. The appellants are directed to file two copies of the typed record and six copies of their typed brief and to serve one copy of each on the attorney for respondent. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.